UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUWAVE, LLC,<br><br>　　　　　　Plaintiff/Judgment Creditor,<br><br>v.<br><br>GUANGDONG ENAITER<br>ELECTRICAL APPLIANCE CO. LTD,<br>　　　　　　Defendant/Judgment Debtor. | Case No.:  24-mc-1934-MMP<br><br>**ORDER DENYING MOTION TO STAY EXAMINATION OF THIRD PARTY MIRAMA ENTERPRISES**<br><br>[ECF No. 10] |

　　　This miscellaneous action arises from Judgment Creditor NuWave, LLC's ("NuWave") application for a third-party examination of Mirama Enterprises Inc. ("Mirama") to discover information about Mirama's financial dealings with Judgment Debtor Guangdong Enaiter Electrical Appliance Co. Ltd. ("Enaiter"). [ECF No. 1.] The procedural history has been set out in detail in the Court's prior orders. [ECF No. 5, 8.] Relevant to the pending motion, this Court entered an order requiring Mirama to appear

for a third-party examination pursuant to California Civil Procedure Code sections 187 and 708.150. [ECF No. 5.] In accordance with the Court's Order, NuWave personally served Mirama with notice on January 31, 2025. [ECF No. 6.] The Court subsequently granted a joint request on behalf of NuWave and Mirama to continue the examination date to allow NuWave and Mirama to further meet and confer to "discuss potential ways to obviate the need for the examination and lessen the burden on the parties and the Court." [ECF No. 8 at 1.] The third-party examination of Mirama is currently set for March 19, 2025. [*See id.*]

On February 11, 2025, Enaiter filed the instant "Motion to Stay Third-Party Examination to Discover Assets," and NuWave filed an opposition [ECF Nos. 10, 13.] Enaiter raises two arguments to stay the third-party examination of Mirama—neither is persuasive.

First, Enaiter urges the Court to stay Mirama's examination pursuant to Federal Rule of Civil Procedure 62(b), which provides:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b). "The purpose of security under Rule 62(b) is to preserve the status quo" pending the trial court's disposition of post-trial motions or an appeal. *Hackworth v. Arevalos*, No. 19-cv-01362-KES-CDB, 2025 WL 240832, at *1 (E.D. Cal. Jan. 17, 2025) (citation omitted). Importantly, however, "the applicability of Rule 62(b) hinges on the Court entering a 'judgment[.]'" *Arnaudov v. California Delta Mech. Inc.*, No. 16-MC-00085-PHX-MTL, 2022 WL 1224259, at *1 (D. Ariz. Apr. 26, 2022) (citing Fed. R. Civ. P. 62(b)). Here, this Court's order for a third-party examination of Mirama was not a judgment as contemplated by Rule 54; accordingly, Enaiter fails to show the applicability of Rule 62(b) to this miscellaneous action. *See id.* *1–3 (recognizing "application of Rule 62 in *this* Court must stem from a judgment issued by *this* Court" and finding a motion to stay a judgment pursuant to Rule 62 must be filed in the court that rendered the judgment). Furthermore, even if Rule 62(b) did apply to this miscellaneous action, the Court agrees

with NuWave that Enaiter has not provided a bond or other security or otherwise shown "extraordinary circumstances" it concedes are necessary to justify waiver of a bond requirement. [*See* ECF No. 10 at 5.] In addition, the Court finds good cause does not exist to stay Mirama's examination based on Enaiter's pending motion for reconsideration of the Northern District of Illinois's unequivocal denial of Enaiter's attempt to vacate the default judgment.[1] [*See NuWave LLC v. Guangdong Enaiter Electr. Appliances Co.*, Case No. 23-cv-3176, ECF No. 51. (N.D. Ill. Jan. 8, 2025).]

Second, Enaiter argues NuWave failed to provide proper notice under California Civil Code section 708.120(b), which Enaiter contends is "the applicable statute." [ECF No. 10 at 7.] But the Court did not order Mirama's examination pursuant to section 708.120. [ECF No. 5 at 6.] To the contrary, the Court expressly found NuWave "ha[d] not provided sufficient proof by affidavit of either requirement of section 708.120(a)" and therefore it "[could] not order a third-party examination pursuant to this provision at this time." [*Id.*] Enaiter's argument is therefore inapposite. In a similar vein, as no third-party examination was ordered pursuant to section 708.120, no lien was entered pursuant to section 708.120(c). Even assuming Enaiter has standing to challenge the third-party examination,[2] it fails to articulate how the Court's order simply permitting the third-party examination would cause any financial harm to Mirama.

Finally, Enaiter also makes passing reference to a third-party examination (referred to as a citation) involving a different Enaiter client, Instant Brand Appliances ("IB

---

[1] Though Enaiter moves to stay under Federal Rule of Civil Procedure 62(b), it also cites California Civil Procedure Code section 918.5 without any explanation of how this section purportedly applies to the miscellaneous federal action for third-party post-judgment discovery. To the extent Eniater seeks to have this Court stay the enforcement of a judgment entered by the Northern District of Illinois while a motion for reconsideration is pending before the Northern District of Illinois, Enaiter fails to provide any authority for this Court to take such a drastic action. *See Arnaudov*, 2022 WL 1224259, at *2.

[2] Mirama has not objected to or opposed the Court's Order Granting Application for Appearance and Examination of Third Party.

Appliances"). The citation at issue was of a wholly different nature, as it "prohibit[ed] IB Appliances from paying Enaiter for goods which Enaiter is IB Appliance's sole supplier." [*See NuWave LLC v. Guangdong Enaiter Electr. Appliances Co.*, Case No. 23-cv-3176, ECF No. 49 at 1 (N.D. Ill. Nov. 4, 2024).] Moreover, IB Appliances produced documents and information and "certified that it possessed assets totaling $150.00 that it believed was the property of Enaiter and that IB Appliances did not possess any additional property of Enaiter's that could be applied to satisfy the default judgment against Enaiter." [*See id.* at ¶ 6.] This is precisely the type of financial information NuWave seeks to discover from Mirama in the examination. Thus, if anything, Enaiter's reliance on IB Appliances undercuts, rather than supports, a stay.

Enaiter fails to raise a legitimate basis to stay the third-party examination of Mirama; accordingly, the Court **DENIES** the motion to stay.

**IT IS SO ORDERED**.

Dated:  March 7, 2025

HON. MICHELLE M. PETTIT
United States Magistrate Judge